IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>    Plaintiff<br><br>    v.<br><br>John Does 1 - 43,<br><br>    Defendants. | Civil Action No.: 12-cv-12597<br><br>Honorable Bernard A. Friedman |

Paul J. Nicoletti (P44419)
paul@nicoletti-associates.com
Nicoletti & Associates, PLLC
36880 Woodward Ave
Suite 100
Bloomfield Hills, MI 48304
248-203-7800
Fax: 248-928-7051

Attorney for Plaintiff

Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch, PC
29 W. Lawrence St. Suite 210
Pontiac, MI  48342
Tel:  (248) 292-2920
Fax:  (248) 292-2910

Attorney for Third Party Subpoena Recipient

**JOINT STATEMENT OF RESOLVED/UNRESOLVED DISCOVERY ISSUES**

**Resolved Discovery Issues Involving Doe No. 27 Motion At Docket Entry 7:**

| | |
|---|---|
| None | |

**Unresolved Discovery Issues Involving Doe No. 27 Motion At Docket Entry 7:**

| Motion To Quash Subpoena | Plaintiff's Position | Doe's Position |
|---|---|---|
| The Subpoena Should Be Quashed Because Comcast Did Not Comply With The Procedural Safeguards Required By The Court's Prior June 27, 2012 Order | Defendant was not prejudiced by the delay. Further the error was not on Plaintiff's part and Plaintiff should not be prejudiced for the error. | The Ten (10) Day Written Notice Requirement Was Expressly Required In The Court June 27, 2012 Order, But Not Complied With |
| The Subpoena Should Be Quashed Because Comcast Failed To Provide The Doe Party With A Reasonable Time To | Under Rule 45 Defendant does not have standing to quash the subpoena based on procedural | The Timing And Procedural Defects In the Notice Given To Doe No. 27 Is/Was |

| | | |
|---|---|---|
| Comply Under Fed.R.Civ.P. 45 | deficiencies because Defendant was not the recipient of the subpoena. Further, Defendant was not prejudiced. | Inadequate Under Rule 45 |
| The Subpoena Should Be Quashed Because It Presents An Undue Burden Without Linking Doe No. 27 To Any Alleged Infringing Activity | Plaintiff's subpoena request does not present an undue burden because the information it seeks is relevant and falls under the broad discovery rules set forth by the Federal Rules of Civil Procedure. The U.S. District Court for the Central District of Illinois in Patrick Collins, Inc. v. John Does 1-9, 2012 WL 4321718 (a near identical case) thoroughly distinguished VPR Internationale, the case relied upon by Defendant. "The rationale of the VPR Internationale case does not apply herein." "The identity of the customers associated with the Alleged IP Addresses is relevant under this standard. The customers may know who used the Alleged IP Address at issue or whether some spoofing occurred. The identity of the customer is also likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology. The subpoenas to the ISP, therefore, are a proper use of discovery." | The April 29, 2011 Order of the U.S. District Court for the Central District of Illinois at D/E 7-3, which involves this same Plaintiff and a similar cause of action states: "IP subscribers are not necessarily copyright infringers … The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, or someone parked on the street at any given moment." The Doe's Interest In Personally Identifiable Information Far Outweighs The Plaintiff's Interest – Especially Where It Always Remains A Plaintiff's Duty To Investigate And Ascertain A "Proper" Party |
| The Subpoena Should Be Quashed Because Joinder Of Unnamed Parties Is Improper Under Fed.R.Civ.P. 20(a)(2) | Permissive Joinder is proper here for the same reasons set forth by Judge Randon (adopted by District Judge Cote) and Judge Michelson in *Patrick Collins, Inc. v. John Does 1-21*, CIV.A. 11-15232, 282 F.R.D. 161 (E.D. Mich. Apr. 5, 2012) and *Third Degree Films v. Does 1-36*, 11- | Permissive Joinder Is Wholly Improper Here For The Same Reasons Judge Steeh Gave In *Patrick Collins, Inc. v. John Does 1-23, 11-cv-15231,* 2012 WL 1019034 (E.D.Mich. 2012) since "there was never common activity linking the 23 [IP] addresses in th[e] |

| | | |
|---|---|---|
| | CV-15200, 2012 WL 2522151 (E.D. Mich. May 29, 2012). Judge Komives recently joined the above opinions finding joinder is proper in NuCorp, Inc. v. John Does 1-24, 2:11-cv-15222 (E.D. Mich. Oct. 18, 2012) "Here, regardless of whether defendants were acting in concert, their alleged actions were logically related because they "participated in the same series of uploads and downloads in the same swarm." "In light of the broad meaning given to the term "transaction" in Rule 20 and the nature of the technology at issue here, the Court concludes that joinder is appropriate under Rule 20." | matter." The same is true here. |

DATED: November 8, 2012

Stipulated and consented to by:

/s/ Paul J. NicolettiBy: /s/ Jeffrey P. Thennisch
Paul J. Nicoletti (P44419)Jeffrey P. Thennisch (P51499)
Attorney for PlaintiffAttorney for Third Party Recipient
Nicoletti & Associates, PLLCDobrusin & Thennisch PC
36880 Woodward Ave29 W. Lawrence Street, Suite 210
Suite 100Pontiac, Michigan 48342
Bloomfield Hills, MI 48304Ph: (248) 292-2920
248-203-7800Fx: (248) 292-2910
Fax: 248-928-7051jeff@patentco.com
paul@nicoletti-associates.com

3

4