IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>    Plaintiff<br><br>    v.<br><br>John Does 1 - 43,<br><br>    Defendants. | Civil Action No.: 12-cv-12597<br><br>Honorable Bernard A. Friedman |

Paul J. Nicoletti (P44419)
paul@nicoletti-associates.com
Nicoletti & Associates, PLLC
36880 Woodward Ave
Suite 100
Bloomfield Hills, MI 48304
248-203-7800
Fax: 248-928-7051

Attorney for Plaintiff

Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch, PC
29 W. Lawrence St. Suite 210
Pontiac, MI 48342
Tel: (248) 292-2920
Fax: (248) 292-2910

Attorney for Third Party Subpoena Recipient

## SUPPLEMENTAL BRIEF ADDRESSING THE ISSUE OF RULE 20 JOINDER

In accordance with the Supplemental Briefing instructions of Magistrate Judge Hluchaniuk, Third Party Subpoena Recipient and Putative Defendant, John Doe No. 27 (hereinafter "Doe No. 27"), by its attorneys, Dobrusin & Thennisch, PC, hereby submits this supplemental response brief pertaining to joinder issues under Fed.R.Civ.P. 20.

I.      **Plaintiff's Joinder of 43 Unrelated Defendants in this Action is Improper**

In its Complaint, Plaintiff has improperly joined as Defendants 43 unrelated individuals, where the present Doe No. 27 is alleged to be one of a number of putative parties that has allegedly infringed Plaintiff's asserted rights under the U.S. Copyright Act.  More particularly, this case is one of many factually identical cases filed in this judicial district, and indeed throughout the country, attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions.  However, in this case, the operative fact is that the present Doe No. 27 has only been associated with one IP Address

In response to the proliferation of such actions, a number of Article IIII Courts, including Judge Steeh of this Court, have determined that joinder was improper and severed and dismissed all but the first defendant[1].  By filing the present supplemental brief, it is clear that Plaintiff is now hoping to get a contrary ruling from this Court.   However, there is no basis for joinder on these facts or under the proper application of well-established Fed.R.Civ.P. 20 doctrines – regardless of the supposed technical "swarm" presented by this case.  Indeed, a favorable ruling to the Plaintiff  will almost certainly exacerbate the already tumultuous avalanche of filings in this very judicial district by every lawyer representing the adult entertainment industry who seeks to perpetuate the current legal strategy of copyright trolls.  More simply stated, allowing such joinder would effectively establish the Eastern District of Court as a proverbial "safe haven" where copyright trolls can maximize their use of the $350 filing fee to join a theoretically unlimited number of defendants.

---

[1] *See, e.g., Hard Drive Productions, Inc. v. Does 1-90,* Case5:11-cv-03825-HRL, D.E. 18, *Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90* (N.D. Cal. March 30, 2012) (severing defendants and denying discovery); *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012)

In submitting this supplemental brief, Doe No. 27 states that the Plaintiff is not entitled to any such "safe haven" and – just like any other copyright owner that has existed since the Patent & Copyright clause was penned in Article I, Section 8, Clause 8 of the Constitution itself – this Plaintiff needs to police and enforce its intellectual property one alleged infringer at a time. Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holdings, LLC v. Does 1-97*, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, and including this very judicial district, joinder is not appropriate for at least two compelling reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### a. Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff seeks joinder as a function of the "BitTorrent Protocol". However, in reality, nothing in the asserted BitTorrent Protocol creates a relationship among these 43 Defendants and notably no relationship between Doe No. 27 and any one of the "other" 42 defendants is even suggested. Most notably, as one court concluded recently in a nearly identical case:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188. … The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world. *Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D.

3

Cal. Aug. 23, 2011); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *11 ("'interactions' between defendants, is a page of machine instructions which clearly demonstrate that the user plays no role in these interactions"); *Hard Drive Prods., Inc. v. Does 1–188*, 809 F.Supp.2d 1150, 1163 (N.D.Cal.2011)("[t]he bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world."); *On the Cheap, LLC v. Does* 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort. This representation is misleading. While Plaintiff alleges that Defendants were part of the same "swarm", Plaintiff does not specifically allege that the Defendants shared pieces of the file with each other. *See, e.g., MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant). Rather, Plaintiff makes the highly ambiguous, if not altogether conclusory observation statement that these 43 Defendants simply participated in a swarm by their very existence. Notwithstanding the fact that Plaintiff's counsel represented that the supplemental brief would establish the provenance of the "swarm" theory, it actually functions as another example of Plaintiff's failure to allege that any one Defendant shared a piece of a file with another Defendant – let alone all 43 of the present defendants. This omission is highlighted by the fact that Defendants' alleged downloads occurred over a yet to be fully ascertained span of time. *See Raw Films, Ltd. v. Does 1–32*, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) (stating that the "differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert"). \

b. **Joinder Undermines Judicial Economy**

Joinder is also improper because it would cause severe practical problems. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *9 (severing all but John Doe 1) ("the sheer number of Defendants in this case would cause an overly burdensome discovery process if Defendants remain joined.") As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate…"). "The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet- based copyright infringement case with at least 101 defendants would prove a logistical nightmare.").

Allowing joinder in this case would involve dozens of defendants, each potentially proceeding with counsel or pro se, as well as additional ISP's; who may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).

        Respectfully submitted,

        Attorneys for Attorney for Third Party
        Subpoena Recipient

DATED this 28th day of November, 2012        By: _/s/Jeffrey P. Thennisch _____
                                                                                 Jeffrey Thennisch (P51499)
                                                                                 jeff@patentco.com
                                                                                 Dobrusin Thennisch PC
                                                                                 29 West Lawrence Street, Suite 210
                                                                                 Pontiac, MI 48009
                                                                                 (248) 292-2920

CERTIFICATE OF SERVICE

I, hereby certify that on November 28, 2012, I electronically filed the foregoing paper(s) with the Clerk of the Court using the E-file and Serve which will send notification of such filing to all counsel of record.

/s/Jeffrey P. Thennisch _____
Jeffrey P. Thennisch, Attorney for Third Party
Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan
Telephone: (248) 292-2920
Facsimile: (248) 292-2910