UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,                                    Case No. 12-12597

        Plaintiff,                                 Bernard A. Friedman
v.                                                                United States District Judge

JOHN DOES 1-43,                                       Michael Hluchaniuk
                                                                      United States Magistrate Judge
        Defendants.
_____/

## ORDER DENYING MOTION TO QUASH (Dkt. 7)

      John Doe No. 27 filed a motion to quash the subpoena from plaintiff to Comcast Cable, an internet service provider. (Dkt. 7). Plaintiff filed a response to the motion on October 11, 2012. (Dkt. 11). Doe No. 27 filed a reply on October 18, 2012. (Dkt. 15). This matter was referred to the undersigned for hearing and determination. (Dkt. 8). Pursuant to notice, the Court held a hearing on November 15, 2012. (Dkt. 13). The parties filed their joint statements of resolved and unresolved issues on November 8, 2012. (Dkt. 17, 18). After the hearing, the Court took the matter under advisement and directed the parties to file supplemental briefing on whether and what extent plaintiff should be required to pay separate filing fees for each defendant. This related to the parties' dispute about whether the defendants are properly joined in this lawsuit. Plaintiff filed its supplemental brief on November 21, 2012 (Dkt. 21) and Doe No. 27 filed his brief

on November 28, 2012. (Dkt. 21, 22). This matter is now ready for decision.

The undersigned concludes that the propriety of the joinder of the defendants, including related issues regarding filing fees, should be addressed after the preliminary discovery regarding the identity of the Does is conducted. Given the rash of recent litigation on these same issues all over the country, there are many decisions regarding when joinder in appropriately addressed in identical circumstances. For example, the Colorado District Court recently observed that those courts "addressing joinder as a threshold issue have noted that allowing a case to proceed against improperly joined defendants enables a plaintiff to obtain personal information and ultimately extract settlements with only a single filing fee. *Malibu Media v. John Does 1-6*, 2012 WL 3590906, *3 (D. Colo. 2012), citing *Patrick Collins, Inc. v.. Does 1-10*, 2012 WL 1144980, at *3 (D. Md. 2012) (citations omitted). However, the Colorado District Court also pointed out that other courts have found that a subpoena should not be quashed on the grounds of misjoinder during the early stages of litigation. *Id*., citing *Malibu Media, LLC v. Does 1-25*, 2012 WL 2367555, at *3 (S.D. Cal. 2012); *Arista Records LLC v. Does 1-19*, 551 F.Supp.2d 1, 11 (D. D.C. 2008) ("While the Court notes that the remedy for improper joinder is severance and not dismissal, ... the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct."). The

2

Colorado court also pointed out that nothing in Rule 45 authorized a court to quash a subpoena based on misjoinder. *Malibu Media v. John Does 1-6*, at *3. And, severance merely delays the discovery of the requested information but does not affect the underlying right to obtain the information. *Id*. Thus, judicial efficiency is best served by denying the motion to quash. *Id*. Other courts have concluded the proper remedy for improper joinder is a motion for severance by a party, rather than a motion to quash subpoenas. *Collins v. John Does 1-79*, — F.R.D. —, 2012 WL 3648410 (D. Mass. 2012); *see also John Wiley & Sons, Inc. v. John does 1-30*, 284 F.R.D. 185 (S.D.N.Y. 2012) (deferring decision on joinder, venue, and personal jurisdiction until after Doe was named and served with amended complaint); *Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp.2d 556, 568 (S.D.N.Y. 2004) ("discussion of joinder is not germane to the motion[ ] to quash before the Court, as the remedy for improper joinder is severance ... and not the quashing of the subpoena at issue here."); *John Wiley & Sons, Inc. v. Does 1-27*, 2012 WL 364048, at *1-2 (S.D.N.Y. 2012) (rejecting joinder, venue and personal jurisdiction challenges on motion to quash). The undersigned agrees with the reasoning of these courts and concludes that improper joinder is not a basis for a motion to quash and should not be addressed in this context.[1]

---

[1] Notably, two recent cases in the Eastern District of Michigan found joinder was proper under similar factual circumstances, but in a different procedural context. In *Third Degree Films v. John Does 1-36*, 2012 WL 2522151 (E.D. Mich. 2012), Magistrate Judge Michelson

3

As to the objections that the service providers' allegedly failed to follow the procedures set forth in the original order allowing discovery and failed to provide the Does with a reasonable time to comply with Rule 45, the Court concludes that Doe No. 27 has not demonstrated any prejudice, given that he had sufficient time to file objections and have those objections heard by the Court.

Finally, the Court is not persuaded that the mere possibility that the IP subscribers are not the actual copyright infringers is a reason to quash the subpoenas. Rather, the Court is persuaded by the reasoning set forth in *Collins v. John Does 1-9*, Case No. 12-3161, (C. D. Ill. Sept. 18, 2012) (*see* Dkt. 26-1). In *Collins*, the court concluded that the identity of the customers associated with the IP addresses was relevant under Rule 26 and even if they were not the persons engaged in the copyright infringement, the identity of the customer is likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology. (Dkt. 26-1, Pg ID 310-311). The court also distinguished *VPR Internationale v. Does 1-1017*, 2011 WL 8179128, *1 (C.D. Ill. 2011), also relied on by Doe No. 27 here, for the following reasons:

---

concluded, in the context of a motion to quash and a motion to sever, that joinder was appropriate. Thus, her opinion is not inconsistent with the result here, given that she had before her a motion to sever, whereas none was filed in this case. Likewise, in *Patrick Collins v. John Does 1-21*, 2012 WL 4498373 (E.D. Mich. 2012), Judge Hood adopted the report and recommendation of Magistrate Judge Randon, concluding that joinder was proper in the context of a motion to quash and a motion to dismiss. Again, no motion to dismiss was before the undersigned in this case.

4

> The plaintiff in that case, VPR Internationale, sought to commence a class action against all persons everywhere who used the BitTorrent protocol to infringe on any of VPR Internationale' copyrighted motion pictures. VPR Internationale alleged that it identified 1,017 IP addresses that had used the BitTorrent protocol to infringe on its copyrights. VPR Internationale did not allege that any of the 1,017 IP addresses had been used to upload or download the same unique copy of any of VPR Internationale's copyrighted works. VPR Internationale did not allege that it had identified even one IP address that was used within the District to infringe on one of its copyrights, let alone one who would be an appropriate class representative. See VPR Internationale, Case No. 11-2068, Class Action Complaint (docket entry no. 1), ¶ 4 and Exhibit A. Under these circumstances, this Court found that the request for authority to issue subpoenas before the Rule 26(f) conference was little more than a fishing expedition and an abuse of the discovery process. VPR Internationale, 2011 WL 8179128, at *1-2.

(Dkt. 26-1, Pg ID 311). The facts and pleadings in the present case are similarly distinguishable from *VPR Internationale* and the Court finds no basis to quash the subpoena based on the reasoning of *VPR Internationale*.

For these reasons, the motion to quash is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made.

5

Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: December 7, 2012                s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 7, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Paul J. Nicoletti and Jeffrey P. Thennisch.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov

6