UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC,                )
                                  )
    Plaintiff,                    )   Case No.: 2:12-cv-12597-BAF-MJH
                                  )
v.                                )
                                  )
JOHN DOES 1-43,                   )
                                  )
    Defendants.                   )
                                  )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THIRD PARTY SUBPOENA RECIPIENT'S OBJECTIONS TO DECEMBER 7, 2012 ORDER DENYING MOTION TO QUASH PLAINTIFF'S SUBPOENA OF COMCAST [CM/ECF NO. 25]**

Plaintiff respectfully requests the Court deny Defendant's objection because the Honorable Judge Hluchaniuk has correctly ruled that joinder is proper and that the Court should not quash the subpoena. Defendant, in his objection, simply reiterates his arguments in his Motion to Quash Subpoena that was previously denied. (Doc. 7). Because of this, Plaintiff expressly adopts and incorporates its Response in Opposition to Defendant's Motion (Doc. 11) and its supplemental brief in support of joinder (Doc. 21).

Your Honor, recently denied a near identical objection to the one in this case and stated: "Defendants have simply shown (as they did previously in their motion papers) that some courts have not permitted joinder of multiple defendants in cases such as this. While acknowledging this contrary authority, the magistrate judge also noted that other courts have permitted joinder of multiple defendants in similar cases. Magistrate Judge Komives also made a convincing argument, supported by solid case authority, as to why defendants should not be severed, namely, because, joinder of parties and claims is generally encouraged, the requirements for joinder are met, and the absence of concerted action does not defeat joinder so long as

1

defendants' actions are logically related, as is the case here. In short, defendants have demonstrated only that the magistrate judge reasonably could have granted their motions, not that he erred in denying them." *Nucorp Inc. v. John Does 1-24*, 2:11-cv-15222-BAF-PJK, Doc. 42 (E.D. Mich. Nov. 14, 2012).

Judge Hluchaniuk's opinion is supported by case law and is in line with multiple districts through out the country that have consistently – and continue to do so – ruled joinder is proper. Indeed, in the past six weeks multiple judges and courts throughout the country have reached the same conclusion as this Court. Just two days ago Judge Hegarty in the District Court of Colorado ruled joinder was proper and that the Court would not quash the subpoena.

> First (and most importantly), the plain language of Rule 45 does not authorize the Court to quash a subpoena based upon misjoinder. Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth. Second, the Court observes that severing defendants would delay, but not eliminate, Plaintiff's efforts to obtain Doe # 15's identifying information from Comcast. Simply put, severance affects the timing of disclosure but not the underlying right. In this context, such a delay may prove fatal to Plaintiff's claims insofar as Plaintiff alleges that the information it seeks is subject to destruction. (Docket # 7 at 5.) Given the inevitable disclosure of the information at issue in this subpoena, it seems judicial efficiency is best promoted by declining to reach the question of joinder at this time.

*Malibu Media v. John Does 1-22*, 2013 WL 24525, 12-cv-02598, 3 (D. Colo. Jan. 2, 2013). Likewise, in recent weeks, the District Court of New Jersey, the Central District of Illinois, the Northern District of Indiana, and the Middle District of Florida have all held joinder is proper and the court should not quash the valid subpoena issued by Malibu Media. *See Malibu Media v. John Does 1-30*, Civ. A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) ("Defendants do not have standing to contest the third-party Subpoenas on the basis of undue burden."; *Malibu Media v. John Does 1-14*, 1:12-cv-263, 2012 WL 611653 (N.D. Ind. Dec. 10, 2012) (finding joinder is proper and distinguishing the *VPR Internationale* case relied upon by Defendant on the

same grounds as this Court); *Malibu Media v. John Does 1-12*, 12-1342, 2012 WL 5928528 (C.D. Ill. Nov. 26, 2012) ("Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy."); *Malibu Media v. John Does 1-24*, 2:12-cv-425-FTM-99, 2012 WL 6043656 (M.D. Fla. Dec. 5, 2012) (adopting report and recommendation by magistrate judge finding joinder is proper and that the court should not quash the subpoena).

In the Eastern District of Michigan, along with Judge Hluchaniuk and your Honor, Judge Cohn, Judge Denise Page Hood, Judge Randon, Judge Michelson, and Judge Komives have all ruled that joinder is proper in copyright BitTorrent actions and that the Court should not quash the subpoena. *See K-Beech v. John Does 1-18*, 11-cv-15226, Doc. 18 (E.D. Mich. April 17, 2012); *Patrick Collins Inc. v. John Does 1-21*, 11-cv-15232, 282 F.R.D. 161 (E.D. Mich. 2012) report and recommendation adopted, 11-15232, 2012 WL 4498373 (E.D. Mich. Sept. 28, 2012); *Nucorp Inc. v. John Does 1-24*, 2:11-cv-15222-BAF-PJK, Doc. 42 (E.D. Mich. Nov. 14, 2012); *Third Degree Films v. Does 1-36*, 11-cv-15200, 2012 WL 2522151 (E.D. Mich. May 29, 2012). Judge Hluchaniuk's well-reasoned order is clearly supported by law in both this district and throughout the country.

For the foregoing reasons, as well as stated in Plaintiff's previous briefs, Plaintiff respectfully requests the Court deny Defendant's objections.

Dated: January 5, 2013

        Respectfully submitted,

        NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
       Paul J. Nicoletti, Esq. (P44419)
       36880 Woodward Ave, Suite 100
       Bloomfield Hills, MI 48304
       Tel: (248) 203-7800
       Fax: (248) 203-7801
       E-Fax: (248) 928-7051
       Email: paul@nicoletti-associates.com
       *Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3). This document was prepared using Times New Roman (12 pt.).

Dated: January 5, 2013          By:   /s/ *Paul J. Nicoletti*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

          By:   /s/ *Paul J. Nicoletti*