UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,                            Case No. 12-cv-12597
                                                  HON. BERNARD A. FRIEDMAN
vs.                                                       MAG. JUDGE MICHAEL HLUCHANIUK

JOHN DOES 1 - 43,

        Defendants.
_____/

**OPINION AND ORDER DENYING THE OBJECTION OF JOHN DOE 27 TO MAGISTRATE JUDGE HLUCHANIUK'S DECEMBER 7, 2012 ORDER**

     Plaintiff commenced this action against the unnamed defendants for illegally downloading and sharing copyrighted images. This matter is before the Court on the objection of John Doe 27 to Magistrate Judge Hluchaniuk's December 7, 2012 order [docket entries 24 and 25]. Plaintiff filed a response [docket entry 28]. The order denied the motion of John Doe 27 to quash plaintiff's subpoena of Comcast Cable [docket entry 7], which seeks to obtain the unnamed defendants' identifying information. The Court will rule on the objection of John Doe 27 without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

     A district court may modify or set aside any part of a magistrate judge's order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see Bell v. Ameritech Sickness & Accident Disability Benefit Plan, 399 F. App'x. 991, 997 n.5 (6th Cir. 2010). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see Hagaman v. Comm'r

of Internal Revenue, 958 F.2d 684, 690 (6th Cir. 1992).

With respect to whether an order is "contrary to law," the United States Supreme Court has stated that "[t]he word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams v. Taylor, 529 U.S. 362, 405 (2000)(quoting Webster's Third New International Dictionary 495 (1976)).  In other words, the Court may reject a magistrate judge's nondispositive determinations if it decides that those determinations are against the law or the opposite of what is required by the law.

Pursuant to the foregoing standard of review, the Court finds that the magistrate judge's order was not clearly erroneous nor contrary to law.  His decision to uphold the subpoena, and defer consideration of whether plaintiff improperly joined the unnamed defendants until "after the preliminary discovery regarding the identity of the Does is conducted," is supported by more than adequate authority. See e.g. John Wiley & Sons, Inc. v. Doe Nos. 1-30, 284 F.R.D. 185, 192 (S.D.N.Y. 2012); Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 568 (S.D.N.Y. 2004).  Furthermore, the magistrate judge properly ruled that the identities of the John Does are relevant to the prosecution of this matter, even though they might not be the individuals who are responsible for the infringement of plaintiff's copyright, because their identifying information is "likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology." Patrick Collins, Inc. v. John Does 1-9, No. 12-3161, 2012 U.S. Dist. LEXIS 132813, at *10-11 (C.D. Ill. Sep. 18, 2012).

As the Court has reviewed the record, and finds that Magistrate Judge Hluchaniuk reached the correct conclusion for the proper reasons, the order is neither clearly erroneous nor contrary to law.

Accordingly,

IT IS ORDERED that the magistrate judge's order is affirmed.

IT IS FURTHER ORDERED that the objections of John Doe 27 are denied.

Dated: January 25, 2013          s/ Bernard A. Friedman
                                                   BERNARD A. FRIEDMAN
                                                   SENIOR UNITED STATES DISTRICT JUDGE